UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| ALAN J PERRY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:14-cv-00445-GZS |
| | ) | |
| JULIET ALEXANDER, Individually and as Trustee of Jupiter Maine Realty Trust, | ) ) | |
| | ) | |
| and | ) | |
| | ) | |
| PETER TINKHAM, Individually and as Trustee of Jupiter Maine Realty Trust and as Trustee of Samantha Louise Tinkham Irrevocable Special Needs Trust, | ) ) ) ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AND ORDER**

In this action, Plaintiffs assert claims against Defendants for defamation, malicious prosecution/wrongful use of civil process, fraudulent transfer, foreclosure, breach of contract, and to recover on a promissory note. The matter is before the Court on Plaintiffs' Motion to Remand and for Award of Costs and Fees (ECF No. 6), Plaintiffs' Motion to Strike and Motion for Sanctions (ECF No. 10), and Defendant Tinkham's Motion to Transfer (ECF No. 4).[1]

As explained below, following a review of the pleadings, and after consideration of the parties' arguments, the recommendation is that the Court grant Plaintiffs' Motion to Remand, but deny Plaintiffs' request for costs and fees. In the event that the Court adopts the recommendation,

---

[1] The Court referred the motions.

Defendant Tinkham's Motion to Transfer will be moot. Plaintiffs' Motion to Strike and Motion for Sanctions are denied.

## BACKGROUND

Plaintiffs Alan Perry, Laura Perry, and Nina Perry filed a complaint in Maine Superior Court sometime[2] in August 2014, alleging claims of defamation, malicious prosecution, and fraudulent transfer against Defendants Peter Tinkham and Juliet Alexander, and additional claims of breach of contract, foreclosure, and breach of a promissory note against Defendant Juliet Alexander. Plaintiffs served Defendant Tinkham with the complaint on August 5, 2014. (ECF No. 6-1, PageID # 75.) [3]

On August 25, 2014, and again on or about October 6, 2014, Defendant Tinkham filed a Notice of Removal, by which notice he attempted to remove the Maine District Court case to the United States District Court for the District of Rhode Island. (ECF No. 3-8, PageID # 60; *see also* ECF No. 8, PageID # 86, ¶ xi.) The Rhode Island District Court rejected the filings because a notice of removal must be filed in the United States District Court for the District in which the removed action is pending.

On November 3, 2014, Defendant Tinkham filed his Notice of Removal in this Court (ECF No. 1), along with a copy of the complaint, the amended complaint, Ms. Alexander's affidavit of insufficient service of process, and motions pending in the Maine District Court. Defendant

---

[2] The Notice of Removal does not include the Maine District Court's docket sheet and the District Court's receipt stamp on the complaint (PageID # 5) is illegible. In addition, Defendant Tinkham does not state the date on which he received Plaintiffs' initial complaint.

[3] As of Defendant Tinkham's Notice of Removal, filed in this Court on November 3, 2014, Plaintiffs had not yet served Defendant Alexander. On August 25, 2014, Defendant Alexander executed an affidavit for filing with the United States District Court for the District of Rhode Island, in which affidavit she affirmed under penalty of perjury that she "was informed by [her husband, Defendant Tinkham] of the original filing of the case on May 15, 2014." (Aff. of Insufficient Service of Process, ECF No. 3-5, PageID # 56.)

Tinkham also filed a Motion to Transfer to the District of Rhode Island or Massachusetts (ECF No. 4).

On November 14, 2014, Plaintiffs filed their Motion to Remand and for Award of Costs and Fees (ECF No. 6). Defendant Tinkham filed a consolidated Response to the Motions (ECF No. 8) on November 24, 2014. In their Reply (ECF No. 9), Plaintiffs requested that the Court strike Defendant's Response as immaterial and impertinent, pursuant to Fed. R. Civ. P. 12(f), and impose sanctions against Defendant Tinkham for the fees associated with Plaintiffs' Reply (ECF No. 10). Defendant Tinkham then filed his "All Purpose Response to Plaintiffs' Motions" (ECF No. 11), to which filing Plaintiffs filed a reply (ECF No. 12).

## DISCUSSION

### A. Plaintiff's Motion to Remand (ECF No. 6)

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton,* — U.S. —, 133 S. Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377 (citation omitted).

The removal of state court cases to federal court is governed by 28 U.S.C. §§ 1441 and 1446. When a defendant seeks to invoke the jurisdiction of the United States District Court through removal, the removing defendant bears the burden of establishing not only that removal jurisdiction exists, but also that removal was filed timely. *Danca v. Private Health Care Sys., Inc.*, 185 F.3d 1, 4 (1st Cir. 1999); *see also Kingsley v. Lania,* 221 F. Supp. 2d 93, 95 (D. Mass. 2002) ("[U]pon a motion to remand, the burden is upon the removing party to show that ... removal was timely ...").

28 U.S.C. § 1446(b)(1) provides:

The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Insofar as Defendant Tinkham was served on August 5, and filed the Notice of Removal in this Court on November 3, Defendant Tinkham failed to file the Notice within the time mandated by statute. Defendant Tinkham nevertheless argues that the Court should consider the Notice as filed timely given his earlier filings with the District of Rhode Island. Defendant's arguments are unpersuasive. "Removal statutes should be strictly construed against removal and doubts resolved in favor of remand." *Kingsley,* 221 F. Supp. 2d at 95. The removal statute clearly states that a notice of removal is to be filed in the United States District Court "for the district and division within which such action is pending." *Id.* § 1446(a). Defendant's Motion to Transfer (ECF No. 4) demonstrates that Defendant filed the Notice of Removal in the District of Rhode Island deliberately and not as the result of inadvertence. Defendant should not realize any benefit from his intentional filing of the Notice in the improper court. Because Defendant Tinkham did not timely file his Notice of Removal, the recommendation is that the Court grant Plaintiffs' Motion to Remand.[4]

---

[4] The parties should note that an order remanding a case to the state court on the ground stated herein is not appealable. *See Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127 (1995); 28 U.S.C. § 1447(d). It is thus unclear whether a motion to remand should be treated as a non-dispositive matter for which a magistrate judge may issue an order, or a dispositive matter for which a magistrate judge must issue a recommended decision. *See Albright v. F.D.I.C.*, 21 F.3d 419 n. 4 (1st Cir. 1994); *Unauthorized Practice of Law Comm. v. Gordon*, 979 F.2d 11, 14 (1st Cir. 1992). To avoid any potential issue regarding the scope of a magistrate judge's authority to address the issues, the motion to remand and the related request for fees are addressed through a recommendation.

### B. Plaintiffs' Motion for Costs and Attorney Fees (ECF No. 6)

Plaintiffs request an award of attorney fees incurred in connection with their need to respond to Defendant Tinkham's Notice of Removal, which they describe as lacking any objectively reasonable basis. (PageID # 73.) The removal statute provides: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Because the recommendation for remand is based on the time of the filing of the motion, and because Defendant had an arguable basis on which to invoke the Court's jurisdiction (i.e., diversity), an award of costs or attorney fees is not warranted.

### C. Plaintiffs' Motion to Strike and for Sanctions (ECF Nos. 9/10)

Plaintiffs request, pursuant to Rule 12(f), that the Court strike Defendant Tinkham's responses as impertinent and immaterial. Rule 12(f) provides:

> **Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> **(1)** on its own; or
>
> **(2)** on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Rule 12(f) motions are "disfavored in practice." *Boreri v. Fiat, S.P.A.*, 763 F.2d 17, 23 (1st Cir. 1985). "[W]here the stated ground for the motion is impertinence or immateriality, the Second Circuit holds that 'the motion will be denied, unless it can be shown that no evidence in support of the allegation would be admissible.'" *Ashey v. Lily Transp. Corp.*, No. 1:01-cv-00057-GZS, 2001 WL 705804, at *1 (D. Me. June 18, 2001) (quoting *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976)).

As the basis of their motion, Plaintiffs specifically cite Defendant's allegation that the litigation is part of a pattern of "racketeering by law firm," robbery, and extortion. (See, e.g., Response at 2, ECF No. 8, PageID # 84.) The assertions in Defendant's response are similar to the statements about which Plaintiffs complain in their defamation claim. The assertions, while serious, are the subject of the underlying action. Whether the assertions are true or impertinent will presumably be determined at trial. Plaintiffs' Motion to Strike and for Sanctions, therefore, is denied.

**D.    Defendant Tinkham's Motion to Transfer (ECF No. 4)**

Defendant Tinkham moves the Court to transfer the matter to the District of Rhode Island or the District of Massachusetts. Because the Court does not have jurisdiction over the matter, the Court cannot transfer the matter to another court.[5]

## CONCLUSION

Based on the foregoing analysis, the recommendation is that the Court grant Plaintiffs' Motion to Remand, deny Plaintiffs' request for costs and fees, (ECF No. 6), and deny Defendant's Motion to Transfer (ECF No. 4). Plaintiffs' Motion to Strike and for Sanctions (ECF No. 10) is denied.

## NOTICE

Any objection to this Recommended Decision and Order shall be filed in accordance with Rule 72 of the Federal Rules of Civil Procedure.

---

[5] If the Court did not adopt the recommendation on Defendant's Motion to Remand, transfer nevertheless would not be appropriate. 28 U.S.C. § 1404 provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "The factors to be considered by a court in the exercise of this discretion include the convenience of the parties and witnesses, the order in which jurisdiction was obtained by the district court, the availability of documents, and the possibilities of consolidation." *Ashmore v. Ne. Petroleum Div. of Cargill, Inc.*, 925 F. Supp. 36, 38 (D. Me. 1996) (citing *Cianbro Corp. v. Curran–Lavoie, Inc.,* 814 F.2d 7, 11 (1st Cir. 1987)). Because at least some of the parties are involved in a parallel action in this Court, and because the conduct about which Plaintiffs' complain largely occurred in Maine, the most appropriate venue would be Maine.

With respect to the order on non-dispositive matters, a party may serve and file objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(a).

With respect to the recommendations made herein, a party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection. Fed. R. Civ. P. 72(b)(2).

Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 4th day of February, 2015.